## Upper Adams School District Election Contest

*Robert Geigley*, for petitioner.

*H. Thomas Pyle*, for respondent.

MacPHAIL, P. J., December 30, 1969.—In the general election held November 4, 1969, the names of the candidates for directors-at-large of Upper Adams School District (Merged) were omitted from the ballot in the Borough of Arendtsville voting district. Four candidates for this office did appear on the ballot in

the other voting districts comprising Upper Adams School District (Merged). Three directors were to be elected. A total of 1,648 votes were cast for the four candidates allocated as follows:

| | | |
|---|---|---|
| Pitzer | 1257 | (Republican) |
| Asquith | 1171 | (Republican) |
| Kluck | 1003 | (Democrat) |
| Baugher | 864 | (Democrat) |

A total of 240 persons voted in Arendtsville. There were 42 Republican and 16 Democrat "straight ticket" ballots cast by the Arendtsville electors. It was not until after the polls were open and some ballots had already been cast that the omission of the candidates' names was discovered.

Within the time limit prescribed by law, a petition was filed with this court by a number of electors in the Borough of Arendtsville contesting the election for school director and alleging as grounds therefor the omission of the names of the candidates on the ballot. A bond was filed by petitioners and a hearing was held after due notice was given.

From the testimony presented in this case, it is quite evident that no fraud was intended or practiced on the part of any election official. Indeed, there is not even an allegation of fraud in the petition. Therefore, the sole issue before the court is whether the court should declare the election void by reason of the unintentional omission of the names of the candidates from the ballots.

Section 1772 of the Pennsylvania Election Code of June 3, 1937, P. L. 1333, 25 PS §3472, provides that where the omission of the names of candidates is so defective as to be calculated to mislead the voters and the defective condition has affected the result of the entire election, the court should declare such election to be invalid, whereupon the proper author-

ity would appoint suitable persons to fill the vacancies in office. While it may seem at first blush that the court has no recourse other than to void this particular election, reference to other provisions in the Election Code and to cases in our appellate courts compel us to reach an opposite conclusion.

It is the duty of the county board of elections to cause all of the ballots to be accurately printed: Section 1009 of the Pennsylvania Election Code, supra, 25 PS §2969. Obviously, in a municipal election year this is a very complicated and time-consuming job. Nevertheless, the duty is obligatory upon that body to carry out the mandate of the statute. It is also provided in the Election Code (section 1010, 25 PS §2970) that where mistakes or omissions have occurred in printing the ballots, the court, upon proper affidavit of any qualified elector, may compel the county board of elections to correct the mistake or omission. Our courts have said that one who does not utilize the opportunity afforded by statute to object to irregularities in the ballot *before* the election may not afterwards raise objections thereto: Oncken v. Ewing, 336 Pa. 43 (1939). Admittedly, the body charged with the duty of determining the accuracy of the Arendtsville ballots failed to discover the error. On the other hand, this error was also discoverable by those parties having an interest in the outcome and who, in turn, could have called the matter to the attention of the election officials prior to the election in order that timely and effective action could have been taken. Obviously, this was not done.

It must also be noted that if we act to void the election, we will be recognizing the voters of Arendtsville, but we will also be disfranchising the 1,648 people who did vote for this office in the other boroughs and townships comprising Upper Adams School District

(Merged). As we have indicated, the law does not provide for a new election in such cases. Rather, it calls for the appointment of suitable persons. In this case, the remaining directors of Upper Adams School District (Merged) would make the appointment and they could appoint anyone at their pleasure, provided only that the appointee was "suitable." Our courts have said that the disfranchisement of even one person validly exercising his right to vote is an extremely serious matter: Perles v. Northumberland County Return Board, 415 Pa. 154 (1964). The power to throw out the entire poll of an election district for irregularities must be exercised very sparingly and with the idea in mind that neither an individual nor a group of individuals are to be disfranchised at an election except for compelling reasons: Bauman Election Contest Case, 351 Pa. 451 (1945).

In Arendtsville, there were 326 persons registered to vote in the election in question. Of that number, 240 actually cast a ballot in the November 1969 election. If 140 of those persons had voted for Mr. Baugher and none had voted for Mr. Kluck, the results of the election would have been affected thereby. While we recognize that this is a mathematical possibility, we must also recognize that the probabilities are that such a result would not have occurred.

Justice Maxey, later Chief Justice, speaking for a unanimous court, said in Winograd v. Coombs, 342 Pa. 268 (1941) at page 271: "It is only when an election has been characterized by such fraud or intimidation or other unlawful conduct as to make the election a mere travesty or when the ballots or voting machines are in such condition that it is impossible to ascertain from an inspection of them the will of the voters that a court will reject the entire returns from a district and annul the election . . . 'To eliminate an

entire poll, though no harm has actually been done, merely because public officials did not perform their duty properly, would result in the very wrong sought to be prevented . . .' "

Therefore, since there was no fraud, since the error was one of omission, since the error could have been discovered and remedied prior to the election and was not, since the act of voiding the election would be to disfranchise those who did cast valid ballots in the other districts, and since it is at least questionable that the result of the election would have been affected had the names not been omitted, the petition must be denied. While our conclusion in this matter may seem to run counter to our sense of fair play, and while it is certainly most regrettable that the error, though unintentional, did occur, we feel that, in view of the authorities we have cited, the validity of the election must be sustained.

## ORDER OF COURT

And now, December 30, 1969, the petition to declare invalid the election of director-at-large in Upper Adams School District (Merged) is denied. It is ordered that the County Board of Elections certify the names of Paul Pitzer, Dean Asquith and Robert W. Kluck as the directors-at-large elected in the Upper Adams School District (Merged) in the 1969 general election. It is further ordered that petitioners' bond as filed be remitted and that the costs of this proceeding be paid by the County of Adams.